IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC B. SCHNURER<br>1690 East Strasburg Road<br>West Chester, PA 19380;<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID F. LYNN,<br>1416 East 8th Street<br>York, NE 68467;<br><br>SEQUOIA CONSULTING GROUP, INC.,<br>Individually and as Plan Administrator,<br>7754 Cobblesprings Drive<br>Avon, IN 46123;<br><br>KAREN KINDER, as Plan Administrator,<br>7754 Cobblesprings Drive<br>Avon, IN 46123; and<br><br>JOHN DOES, as Plan Trustees and/or<br>Administrators;<br><br>        Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT

1.  Public Works LLC ("Public Works"), a leading national consulting firm advising state and local governments on efficiency and public policy, formerly owned and still headed by plaintiff Eric B. Schnurer, was acquired on February 15, 2016, by defendant Sequoia Consulting Group, Inc. ("Sequoia"). Since that time, Sequoia and its President, defendant David Lynn, and defendant Karen Kinder, Sequoia's CFO and Administrator of its 401k Plan (the "Plan"), have failed repeatedly to pay sums due and owing to Mr. Schnurer, by refusing to (a) comply with basic ERISA obligations –

including the obligation not to use employees' 401k contributions for business operations or other expenses and to contribute an employer match – and (b) discharge contractual obligations owed to Mr. Schnurer. Rather than properly manage their own and Sequoia's financial affairs, defendants have engaged in a web of financial misconduct by ignoring their most basic financial and legal obligations.

2. The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, plainly prevents just the kind of looting of employee 401k contributions that defendants have systematically and persistently perpetrated.

3. Mr. Lynn, Sequoia (as Plan Sponsor and Administrator), Ms. Kinder, as Plan Administrator, and John Doe defendants, as trustees and/or administrators of the Plan ("John Does," and collectively with Ms. Kinder, Sequoia and Mr. Lynn, "Defendants"), have breached their own fiduciary duties to Mr. Schnurer, a participant in and beneficiary of the Plan and an employee of Sequoia, as well as knowingly participated in others' breaches.[1]

4. Defendants' breaches include, but are not limited to, Mr. Lynn's and Sequoia's repeated failures to make required contributions to Mr. Schnurer's 401(k) account and to make required 4% matches to Mr. Schnurer's individual contributions, as required by the Plan documents. On information and belief, Defendants have misappropriated these funds and engaged in Prohibited Transactions under ERISA, 29 U.S.C. § 406 ("ERISA Prohibited Transactions"), including self-dealing and misuse of Plan assets for personal gain, such as to meet Sequoia's payroll obligations, vendor

---

[1] The most recent Form 5500 filed by the Plan with the U.S. Department of Labor, for the year 2015, does not disclose the identity of the Plan Trustees. That Form 5500 is attached as Exhibit 1.

costs, and other expenses. Defendants have further breached their fiduciary duties to the Plan and to Mr. Schnurer by failing to protect the assets of the Plan and the best interests of Plan participants, including without limitation their failure to bring an action to recover assets on behalf of Plan participants and beneficiaries, including Mr. Schnurer. Mr. Lynn and Defendants have committed and/or knowingly participated in these breaches.

5. Sequoia's and Mr. Lynn's multiple failures to fulfill basic contractual obligations to Plaintiff are another component of Defendants' scheme to evade clear legal obligations to pay Mr. Schnurer sums he is owed. Sequoia and Mr. Lynn have repeatedly failed to make payments to Mr. Schnurer due him for the purchase of Public Works' assets, for which Mr. Lynn is personally liable under a Promissory Note, making the unpaid balance plus interest, late fees, and attorneys' fees now immediately due and owing. Additionally, Sequoia has repudiated and/or breached its obligations under an Employee Agreement to reimburse Mr. Schnurer for his business expenses.

6. Mr. Schnurer therefore files this lawsuit seeking all available equitable and legal relief.

## THE PARTIES

7. Plaintiff Eric B. Schnurer is an individual residing at 1690 East Strasburg Road, West Chester, Pennsylvania 19380, in Chester County. He is an employee of Defendant Sequoia, and President of Public Works, which is now a wholly-owned subsidiary of Sequoia.

8. Defendant David F. Lynn is an individual who, on information and belief, resides at 1416 East 8th St, York, Nebraska 68467.

9. Mr. Lynn is also the President and 100% owner of Sequoia. At Sequoia, he has exercised discretionary authority or control with respect to management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets and had discretionary authority or responsibility in the administration of the Plan. Accordingly, Mr. Lynn is a fiduciary and party in interest within the meaning of ERISA and owes fiduciary duties to Plan participants and beneficiaries, including Mr. Schnurer.

10. Defendant Sequoia Consulting Group, Inc., is a corporation headquartered in Indiana and with a principal place of business at 7754 Cobblesprings Drive, Avon, Indiana 46123. Directly or indirectly, Sequoia owns multiple businesses and, on information and belief, is in financial distress.

11. Sequoia is the Plan Sponsor and an Administrator of the Plan. It has exercised discretionary authority or control with respect to management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets and had discretionary authority or responsibility in the administration of the Plan. Accordingly, Sequoia is a fiduciary and party in interest within the meaning of ERISA and owes fiduciary duties to Plan participants and beneficiaries, including Mr. Schnurer.

12. On information and belief, at all relevant times, Defendant Karen Kinder has been a Plan Administrator of the Plan, having identified herself as such as recently as January 2018. In her capacity as Plan Administrator, Ms. Kinder has exercised discretionary authority or control with respect to management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets and had discretionary authority or responsibility in the administration of the Plan. Accordingly, Ms. Kinder is a fiduciary and party in interest within the meaning of ERISA and owes fiduciary duties to Plan participants and beneficiaries, including Mr. Schnurer.

13. The John Doe Defendants are the Trustees and/or Administrators of the Plan. John Does have exercised discretionary authority or control with respect to management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets and had discretionary authority or responsibility in the administration of the Plan. Accordingly, John Does are fiduciaries and parties in interest within the meaning of ERISA, and as such, owe fiduciary duties to Plan participants and beneficiaries, including Mr. Schnurer.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over the ERISA Counts of this Complaint, Counts I-III, pursuant to 28 U.S.C. § 1331 because this action arises under federal law and under ERISA Section 502(e)(1), codified at 29 U.S.C. § 1132(e)(1).

15. This Court has subject matter jurisdiction over Counts IV-VI pursuant to 28 U.S.C. § 1332, because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.

16. This Court has personal jurisdiction over Defendants pursuant to 29 U.S.C. § 1132. The Court has personal jurisdiction over Defendants pursuant to 42 Pa. C.S. § 5322, because Defendants transacted business within the Commonwealth of Pennsylvania.

17. Venue lies in this district under ERISA Section 502(e)(2), codified at 29 U.S.C. § 1132(e)(2), including because Defendants' ERISA violations took place in this district. Venue also lies in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

18. As set forth below, Sequoia and Mr. Lynn, along with the other defendants, have engaged in a multi-faceted scheme to ignore their clear legal obligations to Mr. Schnurer. Among other things, they have pocketed Mr. Schnurer's 401(k) contributions, failed to contribute (or inexcusably delayed in contributing) his own contributions and the promised match to his 401(k) Plan account, failed to reimburse him for his legitimate business expenses, and failed to pay him amounts still due on a Promissory Note on which Sequoia and Mr. Lynn personally are liable.

### I.   Defendants' Multiple Breaches Of Their ERISA Obligations To Mr. Schnurer

19. Sequoia established the Plan on or around September 1, 2004. Mr. Schnurer became eligible to participate in the Plan on or around February 15, 2016, when he signed an Employee Agreement to join Sequoia.

20. Mr. Schnurer is a resident of this District and the benefits of the Plan are to be derived therein.

21. On information and belief, the Plan requires that Sequoia match employee contributions up to certain amounts limited by, and consistent with, applicable law.

22. Since joining the Plan in February or March 2016, Mr. Schnurer elected to make regular contributions to the Plan, with each salary payment he received from Sequoia. These intended 401(k) contributions were automatically deducted from his pay.

23. As fiduciaries, Defendants were obligated to invest Mr. Schnurer's contributions in the Plan in accordance with Plan documents and Mr. Schnurer's election or instructions.

24. Instead, Defendants misappropriated such funds. By way of example, despite deducting Mr. Schnurer's contributions from his pay each and every pay period:

(a) In 2016, Defendants caused only one contribution to be deposited in Mr. Schnurer's 401(k) account;

(b) Since March 2017, Defendants have not made any contributions to Mr. Schnurer's individual 401(k) account; and

(c) Defendants have failed to make any of the requisite 401(k) match payments to Mr. Schnurer's individual 401(k) account.

25. Defendants' misappropriations have further deprived Mr. Schnurer of the gains his investments would have made had they been timely and complete and violate the terms of the Plan.

26. On information and belief, Defendants engaged in multiple ERISA Prohibited Transactions, including without limitation, by using the amounts Mr. Schnurer deducted from his salary for purposes other than contributing to Mr. Schnurer's individual 401(k) account and misappropriating the moneys that would otherwise have been contributed as a 401(k) match for Mr. Schnurer (as well as other Sequoia employees), including to meet Sequoia's payroll obligations, vendor payments, and other business expenses.

27. In so doing, Defendants have caused the Plan to (a) lend money or other extension of credit between the Plan and a party in interest; (b) transfer Plan assets to, or allow their use by or for the benefit of a party in interest; (c) deal with the assets of the plan in Defendants' own interest or for their own account; and/or (d) engage in transactions in Defendants' individual or other capacity involving the Plan on behalf of

another whose interests are adverse to the interests of the Plan or the interests of its participants or beneficiaries.

28. As fiduciaries, Defendants owe a duty to act in the best interests of the Plan and its participants and beneficiaries, including Mr. Schnurer. Defendants individually and severally have breached those duties by failing to initiate prompt action against Defendants to remedy their wrongful deeds, including Defendants' failure to make required contributions to Mr. Schnurer's 401(k) account, their misappropriation of Plan assets, and their actions constituting ERISA Prohibited Transactions.

29. Mr. Lynn, Sequoia, Ms. Kinder and John Does were also fully aware of and actively participated in Defendants' ongoing wrongful acts. For example, they carried out or oversaw the withholding of payments from Mr. Schnurer's and other Sequoia employees' paychecks, then deposited such funds where directed by the other Defendants, including Mr. Lynn. Further, they have participated knowingly in or knowingly undertook to conceal each others' actions or omissions that they knew to be violations of ERISA. Notwithstanding their knowledge of each others' ERISA violations, Defendants did not make any reasonable efforts under the circumstances to remedy each others' breaches.

30. On information and belief, Defendants have engaged in similar wrongful conduct with respect to Sequoia's other employees.

31. As a result of the foregoing conduct, Mr. Schnurer and other plan participants and beneficiaries have been injured by Defendants' failure to abide by their ERISA obligations.

## II. Mr. Lynn's And Sequoia's Breaches Of The Promissory Note

32. On February 15, 2016, Sequoia and Mr. Lynn, in his personal capacity, signed a Promissory Note ("Note"), in favor of Mr. Schnurer, as Payee, in the amount of $837,950.00. The Note is attached as Exhibit 2.

33. Pursuant to the Note:

> The unpaid principal and interest shall be payable in monthly installments of $13,965.83 per month, payable on the 15th day of each month, beginning on March 15, 2016, and continuing until February 15, 2021, when the balance of the principal and all accrued interest is due and payable in full.
>
> All installments are due and payable on the 15th of each month, and are delinquent on the last day of each month. If any installment payment is not paid by the last day of the month, then a late fee of 2% of the monthly payment will be added to each and every payment that is delinquent. If any installment is not paid by the last day of the month, then, Promissors shall have 5 days to cure the delinquency and if not cured with the 5 day grace period, then, the Note shall be in default and the installment of interest and principal shall draw interest from and after the due date at Twelve Percent (12%) per annum until cured or paid.
>
> If any installment of interest or any installment of principal and interest is not paid by the end of the grace period, being the last day of the month, or if there is a default in the performance of any of the conditions or covenants of any agreement securing this Note, then, time being of the essence hereof, the Payee may declare the entire unpaid principal balance of the Note and accrued interest, if any, due and payable at once without written notice to the Promissors. The Payee's failure to exercise such option upon any default shall not be construed as a waiver to exercise such option upon a later failure to pay or default.
>
> If the Note is not paid as provided above, or if an installment is not paid when due, the Promissors promise to pay all costs of collection, including reasonable attorneys fees, whether or not a lawsuit is commenced as part of the process.

\*\*\*

> The liability of both Promissors under this Note shall be direct and not conditional or contingent on the pursuit of any specific remedies against the other Promissors. The Promissors guarantee the prompt payment of the Note and each installment when due, in accordance with all terms and conditions of the Note, and agrees to all terms and conditions contained in this Note.

34. Sequoia, by its President, Mr. Lynn, executed the Note as a promisor. Mr. Lynn, in his personal capacity, also executed the note as a promisor.

35. Sequoia and Mr. Lynn undertook the obligations under the Note jointly and severally.

36. Sequoia and Mr. Lynn are in breach of their obligations pursuant to the Note because, among other things:

   (a) Sequoia and Mr. Lynn repeatedly failed to make timely payments required by the Note;

   (b) Sequoia and Mr. Lynn repeatedly failed to make timely payments of interest and principal required by the Note; and

   (c) Sequoia and Mr. Lynn repeatedly failed to make timely payments of late fees required by the Note.

37. On February 4, 2018, after having received no payments since August 2017, Mr. Schnurer informed Sequoia and Mr. Lynn that, pursuant to the Note, the full principal balance was due immediately, as well as all accrued interest and late fees, and must be paid no later than February 9, 2018. Mr. Schnurer's letter is attached as Exhibit 3.

38. Despite this demand, Sequoia and Mr. Lynn have failed to pay the amounts due and owing Mr. Schnurer.

### III. Sequoia's Breach Of Mr. Schnurer's Employee Agreement

39. Also on February 15, 2016, Mr. Schnurer entered an "Employee Agreement" with Sequoia, which established certain terms of Mr. Schnurer's employment with the company. The Employee Agreement is attached as Exhibit 4.

40. Among other provisions, the Employee Agreement states "[t]he Company shall upon proof as it may require, direct the reimbursement of such expenses and at such rate as it shall from time to time determine for expenses incurred by [Mr. Schnurer] on behalf of [Sequoia's] business." Ex. 4, ¶ 5.

41. Since May 2017, Mr. Schnurer has incurred substantial reimbursable expenses of approximately $100,000, which were incurred within the scope of his employment in the ordinary course, and for proper business purposes.

42. Sequoia has failed to reimburse such expenses, including due to cash flow issues.

43. Sequoia has stated that it will not reimburse such expenses.

44. Sequoia breached or anticipatorily breached the Employee Agreement by failing to reimburse such expenses. Sequoia has no legitimate reason for refusing to reimburse such expenses and would be unjustly enriched if it were allowed to do so.

### COUNT I
### BREACHES OF FIDUCIARY DUTY PURSUANT TO ERISA SECTION 404
(Against All Defendants)

45. Plaintiff incorporates the preceding paragraphs of this Complaint herein.

46. By the actions and conduct described above, Defendants, as fiduciaries of the Plan:

    (a) Failed to discharge their duties with respect to the Plan to act in the best interest of the Plan and its participants and beneficiaries,

        including Mr. Schnurer, and for the exclusive purpose of providing benefits to participants and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

(b)   Failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B); and

(c)   Failed to discharge their duties in accordance with the documents and instruments governing the Plan insofar as such documents and instruments are consistent with the provisions of Title I and IV of ERISA in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D).

47.   By failing to discharge their fiduciary duties and to provide benefits, including failing to contribute Mr. Schnurer's election to his personal account and failing to match such contributions in a manner consistent with the Plan documents and Mr. Schnurer's election, Defendants, as fiduciaries of the Plan, are liable pursuant to Sections 502(a)(1)(B), 502(a)(2) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(2) and (a)(3).

## COUNT II
## KNOWING PARTICIPATION IN BREACH OF FIDUCIARY DUTY PURSUANT TO ERISA SECTION 405
### (Against All Defendants)

48. Plaintiff incorporates the preceding paragraphs of this Complaint herein.

49. By participating knowingly in the fiduciary breaches of the others, knowing such acts or omissions to be breaches of fiduciary duty, Defendants are liable for the others' breaches of fiduciary responsibility, pursuant to Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1).

50. By failing to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibilities and thereby enabling the others to commit breaches of ERISA, Defendants are liable for the others' breaches of fiduciary responsibility, pursuant to Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2).

51. By failing to make reasonable efforts under the circumstances to remedy the others' breaches of which they had knowledge, Defendants, as fiduciaries of the Plan, are liable for each other's fiduciary breaches, pursuant to Section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

52. By failing to provide benefits, including failing to contribute Mr. Schnurer's election to his personal account and by failing to match such contributions in a manner consistent with the Plan documents and Mr. Schnurer's election, Defendants, as fiduciaries of the Plan, are liable pursuant to Sections 502(a)(1)(B) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).

## COUNT III
## PROHIBITED TRANSACTIONS PURSUANT TO ERISA SECTION 406
### (Against All Defendants)

53. Plaintiff incorporates the preceding paragraphs of this Complaint herein.

54. By the actions and conduct described above, Defendants, as fiduciaries and/or parties in interest of the Plan, have caused damage to Plaintiff by engaging in ERISA Prohibited Transactions in violation of ERISA Section 406, 29 U.S.C. § 1106, including by:

   (a) Lending money or other extension of credit between the Plan and a party in interest, in violation of Section 406(a)(1)(B) of ERISA, 29 U.S.C. § 1106(a)(1)(B);

   (b) Transferring Plan assets to, or allowing their use by or for the benefit of a party in interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D);

   (c) Dealing with assets of the Plan in their own interest or for their own account, in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1); and

   (d) Acting on both sides of one or more transactions in violation of Section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

## COUNT IV
## BREACH OF THE PROMISSORY NOTE
### (Against Mr. Lynn)

55. Plaintiff incorporates the preceding paragraphs of this Complaint herein.

56. The Note is a valid and binding agreement.

57. The Note imposes a duty on Mr. Lynn, personally, to make monthly payments of $13,965.83 per month, payable on the 15th of the month, for the period beginning on March 15, 2016, and continuing until February 15, 2021.

58. As set forth above, Mr. Lynn is in breach of his obligations pursuant to the Note because neither Sequoia nor Mr. Lynn made timely payments required by the

Note, including without limitation timely payments of interest, late fees and principal required by the Note.

59. Upon failure to make these payments, Mr. Lynn defaulted on the Note, making the full outstanding principal balance, interest and late fees immediately due and owing to Mr. Schnurer.

60. As of this date, in excess of $600,000 is owed on the Note, plus ongoing interest, late fees, and attorneys' fees.

61. Mr. Lynn is therefore in breach of the Note Agreement, and as a direct and proximate result, Mr. Schnurer has suffered damages in an amount to be determined at trial.

## COUNT V
## BREACH OF THE PROMISSORY NOTE
### (Against Sequoia)

62. Plaintiff incorporates the preceding paragraphs of this Complaint herein.

63. The Note also imposes a duty on Sequoia to make monthly payments of $13,965.83 per month, payable on the 15th of the month for the period for the period beginning on March 15, 2016, and continuing until February 15, 2021.

64. As set forth above, Sequoia is in breach of its obligations for the failure to make all required payments pursuant to the Note.

65. Upon failure to make these payments, Sequoia defaulted on the Note, making the full outstanding principal balance, interest and late fees immediately due and owing to Mr. Schnurer.

66. As set forth above, as of this date, in excess of $600,000 is owed on the Note, plus ongoing interest, late fees, and attorneys' fees.

67. Sequoia is therefore in breach of the Note Agreement, and as a direct and proximate result, Mr. Schnurer has suffered damages in an amount to be determined at trial.

## COUNT VI
## BREACH OF THE EMPLOYEE AGREEMENT
### (Against Sequoia)

68. Plaintiff incorporates the preceding paragraphs of this Complaint herein.

69. The Employee Agreement is a valid and binding agreement between Sequoia and Mr. Schnurer.

70. The Employee Agreement requires Sequoia to reimburse Mr. Schnurer for business expenses.

71. Since May 2017, Mr. Schnurer has incurred reimbursable expenses of approximately $100,000, which were incurred within the scope of his employment in the ordinary course, and for proper business purposes.

72. Sequoia has failed to reimburse and stated its intention not to reimburse Mr. Schnurer.

73. Sequoia has therefore breached or anticipatorily breached the Employee Agreement, and as a direct and proximate result, Mr. Schnurer has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants, and respectfully requests that the Court award him:

A. An order requiring Defendants to provide to Mr. Schnurer the benefits owed to him pursuant to the Plan which he has been denied, and to enforce Mr. Schnurer's rights under the Plan, 29 U.S.C. § 1132(a)(1)(B);

B. An order declaring that Defendants have breached their fiduciary duties and other obligations pursuant to ERISA, including those codified at 29 U.S.C. §§ 1104(a), 1132(a)(2), and 1132(a)(3);

C. An order declaring that Defendants are liable as co-fiduciaries pursuant to ERISA Section 405, 29 U.S.C. § 1105;

D. An order declaring that Defendants engaged in, and are liable for, ERISA Prohibited Transactions pursuant to Section 406, 29 U.S.C. § 1106;

E. An order requiring Defendants to make good to the Plan any losses to the Plan resulting from their breaches of duty, including interest and/or lost opportunity costs, and to restore to the Plan any profits which have been made through use of assets of the Plan by Defendants, and other relief prescribed by ERISA Section 409, 29 U.S.C. § 1109;

F. An order requiring Defendants, their agents, employees, service providers, banks, accountants, and attorneys to provide Mr. Schnurer with all of the books documents, and records relating to the finances and administration of the Plan, and to make an accounting of all contributions to the Plan and all transfers, payments, or expenses incurred or paid in connection with the Plan;

G. An order awarding all equitable and injunctive relief that the Court deems necessary and appropriate, including without limitation the removal of Defendants as fiduciaries of the Plan;

H. Compensatory damages for breach of the Note and Employee Agreement in an amount to be determined at trial, plus applicable interest and late fees, including contractual and pre- and post-judgment interest;

    I.    Plaintiff's costs of collection and suit, including, but not limited to, attorneys' fees;

    J.    Punitive damages; and

    K.    Such other and further relief to which Plaintiff may be justly entitled.

## DEMAND FOR JURY

Plaintiff hereby demands trial of this matter by jury.

DATED: February 14, 2018

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

By: _____
John S. Summers (I.D. No. 41854)
jsummers@hangley.com
Andrew M. Erdlen (I.D. No. 320260)
aerdlen@hangley.com
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
Tel: 215-568-6200
Fax: 215-568-0300

*Attorneys for Plaintiff Eric B. Schnurer*

- 18 -